IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 6:20-cr-00628-TMC |
| v. | |
| **JAMES ROBERT PETERSON,** a/k/a "Man Man" | **PLEA AGREEMENT** |

## General Provisions

This PLEA AGREEMENT is made this **13** day of **December** 2021, between the
United States of America, as represented by Acting United States Attorney M. RHETT DEHART;
Assistant United States Attorney Justin W. Holloway; Chief, Organized Crime and Gang Section,
DAVID L. JAFFE; Trial Attorney Lisa K. Man; the Defendant, **JAMES ROBERT PETERSON,**
and Defendant's attorneys, William F. Nettles IV, Esquire, and Emily Paavola, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Counts 1 and 6 of the Second Superseding
   Indictment now pending. Count 1 charges racketeer influenced and corrupt organizations
   (RICO) conspiracy, in violation of 18 U.S.C. §§ 1962(d) and 1963(a). Count 6 charges
   kidnapping resulting in death, in violation of 18 U.S.C. §§ 1201(a)(1) and 2.

   In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1 – RICO Conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963(a)

Title 18, United States Code, Section 1962(d) makes it a crime for any person to conspire
to conduct the charged enterprise's affairs through a pattern of racketeering activity. In
order to prove the Defendant's guilt, the government must prove the following elements
beyond a reasonable doubt:

A.      First, that an enterprise affecting interstate or foreign commerce existed;

B.    Second, that the Defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise;

C.    Third, that the Defendant was a member or associate of the enterprise;

D.    Fourth, that the defendant knowingly and willfully agreed that he or she would commit at least two racketeering acts or that some member of the conspiracy would commit at least two racketeering acts as part of a pattern of racketeering activity.

   i.    Here, the enterprise known as the Insane Gangster Disciples, or "IGD," through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, robbery, arson, and kidnapping, in violation of the laws of South Carolina; offenses involving dealing in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846; and acts indictable under Title 18, United States Code, Sections 1956 (relating to the laundering of monetary instruments), 1512 (relating to tampering with a witness, victim, or an informant), 1513 (relating to retaliating against a witness, victim, or an informant), and 894 (relating to extortionate credit transactions). These enumerated racketeering acts include attempts and conspiracies to commit the offense.

E.    In this Defendant's case, the racketeering activity reasonably foreseeable to the Defendant included, but is not limited to, the following:

   i.    Distribution or Possession with Intent to Distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), under which the government must prove: (A) the Defendant knowingly and intentionally possessed, or aided and abetted another in possessing, at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine and (B) did so with the intent to distribute the controlled substance.

   ii.    Conspiracy or attempt to commit drug trafficking in violation of 21 U.S.C. § 846, under which the government must prove: (A) the Defendant attempted to violate 21 U.S.C. § 841 or that the Defendant agreed with at least one other person to commit drug trafficking in violation of 21 U.S.C. § 841, and (B) the Defendant did so knowingly and intentionally.

   iii.    Murder in violation of S.C. Code Ann. § 16-3-10, under which the government must prove: (A) the Defendant killed another person, or aided and abetted another in doing so, and (B) acted with the intent to kill and with malice aforethought, either express or implied.

      1.    "Malice aforethought is defined as the requisite mental state for common-law murder and it utilizes four possible mental states to

encompass both specific and general intent to commit the crime. These four possibilities are intent to kill, intent to inflict grievous bodily harm, extremely reckless indifference to the value of human life (abandoned and malignant heart), and intent to commit a felony (felony murder rule). General intent is defined as the state of mind required for the commission of certain common law crimes not requiring specific intent and it usually takes the form of recklessness or negligence." *State v. Kinard*, 646 S.E.2d 168, 169 (SC Ct. App. May 7, 2007) (internal citations and quotation marks omitted).

iv. Conspiracy to Commit Murder in violation of S.C. Code Ann. § 16-3-10 and 16-17-410, under which the government must prove: (A) the Defendant combined with at least one other person (B) for the purpose of accomplishing an unlawful object or lawful object by unlawful means, to wit: murder, which is the killing of any person with malice aforethought, either express or implied.

v. Conspiracy to Kidnap in violation of S.C. Code Ann. § 16-3-920, under which the government must prove: the Defendant entered into an agreement with at least one other person to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, or carry away any other person by any means whatsoever without authority of law.

**PENALTIES:**

Under the penalty provisions of 18 U.S.C. § 1963, whoever violates any provision of 18 U.S.C. § 1962 shall face the following penalties:

IMPRISONMENT for <u>any number of years and up to Life</u>
FINE of <u>$250,000</u> (or up to twice the gross profits or other proceeds obtained from the racketeering activity)
TERM OF SUPERVISED RELEASE of <u>up to 5 years</u>
SPECIAL ASSESSMENT of <u>$ 100</u>

### Count 6 – Kidnapping Resulting in Death in violation of 18 U.S.C. §§ 1201(a)(1), 2

Title 18, United States Code, Section 1201 makes it a crime to kidnap another person. In order to prove the Defendant's guilt, the government must prove the following elements beyond a reasonable doubt:

A. First, the Defendant unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away another person, or aided and abetted another person in doing so;

B.  Second, the Defendant held that person for ransom or reward or other reason, or aided and abetted another in doing so;

C.  Third, the person was willfully transported in interstate or foreign commerce regardless of whether the person was alive when transported across a state boundary, or the Defendant traveled in interstate or foreign commerce or used the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; and

D.  The kidnapping resulted in death.

**PENALTIES:**

IMPRISONMENT FOR  life imprisonment or death
FINE OF $ 250,000
TERM OF SUPERVISED RELEASE OF up to 5 years
SPECIAL ASSESSMENT $ 100

2.  The Defendant represents to the Court that he has met with his attorneys on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorneys and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorneys have discussed possible defenses, if any, to the charges in the Second Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement,

and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

3.    The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////

*(signature blocks on the following page)*

/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////

9/22/2021
Date

*James Peterson*
James Robert Peterson
Defendant

9/22/2021
Date

William F. Nettles IV, Esquire
Defense Attorney

9/22/2021
Date

*Emily C. Paavola*
Emily Paavola, Esquire
Defense Attorney

M. RHETT DEHART
ACTING UNITED STATES ATTORNEY

12-13-21
Date

Justin Holloway (Fed. ID # 11684)
Assistant United States Attorney

DAVID L. JAFFE
CHIEF, ORGANIZED CRIME AND GANG
SECTION

12-13-21
Date

/s/ Lisa K. Man
Lisa K. Man
Trial Attorney
Organized Crime and Gang Section
United States Department of Justice