UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 6:20-cr-00628-TMC-25** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **JAMES ROBERT PETERSON** | ) | |
| a/k/a "Man Man" | ) | |

## UNOPPOSED MOTION TO WAIVE PRESENTENCE INVESTIGATION REPORT AND TO CONSOLIDATE PLEA AND SENTENCING HEARING

JAMES ROBERT PETERSON, through his attorneys, moves this Court pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii) and Local Criminal Rule 32.1, to waive preparation and submission of a Presentence Investigation Report (PSR) and to proceed immediately to sentencing if the Court accepts his plea of guilty. In support of his Motion, Mr. Peterson states the following:

1. Federal Rule of Criminal Procedure 32(c)(1)(A)(ii) allows a court to waive preparation of a PSR if the court finds that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553. The Court must explain such a finding on the record. *Id.*

2. Mr. Peterson has agreed to plead guilty to Counts One and Six of the Second Superseding Indictment (Doc. 1462). Count One charged Mr. Peterson with racketeer influenced and corrupt organizations (RICO) conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963(a). Count Six charged Mr. Peterson with kidnapping resulting in death in violation of 18 U.S.C. §§ 1201(a)(2) and 2. The statutory terms of imprisonment are a maximum of life imprisonment on Count

1

One and mandatory life imprisonment on Count 6. Additionally, the Defendant may be fined up to a maximum of $250,000 or twice the gross profits or other proceeds of the enterprise. *See* 18 U.S.C. §§ 1963(a) and 3571.

3. Defendant's Criminal History: Mr. Peterson has prior convictions. Mr. Peterson was convicted of Murder (2005-GS-11-858) and Assault and Battery with Intent to Kill (ABWIK) (2005-GS-11-859). He was sentenced to 30 years and 5 years, respectively, to be served consecutively. The murder and ABWIK offenses were committed on the same occasion, and Mr. Peterson was sentenced for both offenses the same date. Mr. Peterson has sustained a conviction in United States District Court. In case 7:17-0094-TMC, Mr. Peterson was convicted of violating 21 U.S.C. §§ 841(a)(1) and 846 (Count 1) (conspiracy); 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2 (possession with intent to distribute 50 grams or more of methamphetamine), and 21 U.S.C. § 843(b) and 18 U.S.C. § 2 (use of a communication facility to facilitate a felony under the Controlled Substances Act).

4. Guideline Calculation: Application of the 2018 guidelines would show the following:

   a. As to Count 1, USSG § 2E1.1(a)(2) directs the court to apply the offense level applicable to the underlying racketeering activity. The drug distribution aspect of this offense results in a base offense level of 38 (§ 2D1.1); 2 additional levels for possession of a dangerous weapon (§ 2D1.1(b)(1)); 2 additional levels for directing the use of violence (§ 2D1.1(b)(2)); 4 additional levels for aggravating role (§ 3B1.1(a)); and 2 additional levels for maintaining a premises for the purpose of distributing a controlled substance (§ 2D1.1(b)(12)). The total offense level for this aspect of count 1 is 48. For the murder aspect of Count 1, the Guideline range is 43 (§ 2A1.1). For the kidnapping aspect of Count 1, the Guideline range is 43 (§ 2A.1.1) through

2

the cross reference at § 2A4.1. Pursuant to the Grouping Rules at USSG § 3D1.2 through § 3D1.5, three levels are added to the offense aspect with the highest offense level, the drug aspect, resulting in a total offense level of 51. If Mr. Peterson is granted three levels for acceptance of responsibility, the adjusted offense level is 48. Notwithstanding the foregoing, with respect to Count 1, the offense level is capped at 43, resulting in an adjusted offense level of 43. The Guidelines range for Count 6 is 43 (§ 2A.1.1 through the cross reference at § 2A4.1) After adjusting for acceptance of responsibility, the offense level is 40.

b. Resulting Imprisonment Range: As to Count 1, the guidelines sentence for an offense level of 43 is life. Mr. Peterson does not intend to ask the court to depart or vary from the Guidelines range. As to Count 6, the statutory penalty is life imprisonment. *See* 18 U.S.C. § 1201(a). The Government may wish to raise further issues about the criminal history and guideline calculation, but the Government is otherwise unopposed to this motion.

c. Victim and Restitution: The government and Mr. Peterson agree that Ms. Dodge was the victim in this case and that restitution is required pursuant to 18 U.S.C. §§ 3663A(b)(3) and (c)(l)(A)(i), to the representative of the victim's estate in an amount equal to the cost of the necessary funeral and related services for the victim as a result of the offense, in an amount to be determined by the Court at sentencing, if the Court accepts the plea.

5. The plea agreement in this case and the resultant mandatory life sentence means that this case can be properly determined by the Court without the need for a PSR. The parties agree that the statutory sentence of imprisonment for life for kidnapping resulting in death is the mandatory sentence in this case. *See* 18 U.S.C. §

3

1201(a)(1). Further, Mr. Peterson agrees that the court will impose a life sentence as to Count 1, as recommended by the Sentencing Guidelines.

6. The Government has received a copy of this motion prior to its filing. As mentioned above, though they may wish to raise further issues about the criminal history and guideline calculation, the Government is unopposed to this motion to waive the presentence investigation report and consolidate the plea and sentencing hearing.

## CONCLUSION

Based on the foregoing information, Mr. Peterson respectfully requests that this Court waive the preparation of the presentence investigation report and consolidate Mr. Peterson's plea and sentencing hearing.

Respectfully submitted,

/s/ William F. Nettles, IV
Assistant Federal Public Defender
c/o McMillan Federal Building
401 W. Evans Street, Suite 105
Florence, South Carolina 29501
Telephone: (843) 662-1510
**Attorney ID#: 5935**
Email: bill_nettles@fd.org

/s/ Emily C. Paavola
900 Elmwood Avenue, Suite 200
Columbia, SC 29201
Telephone: (803) 765-1044
**Attorney ID#: 11488**
Email: Emily@justice360sc.org

COUNSEL FOR JAMES ROBERT PETERSON

**CERTIFICATE OF SERVICE**

This is to certify that on the 21st day of December, 2021, a copy of the foregoing was served on counsel for the United States by electronic transmission.

/s/ William F. Nettles, IV
Assistant Federal Public Defender
c/o McMillan Federal Building
401 W. Evans Street, Suite 105
Florence, South Carolina 29501
Telephone: (843) 662-1510
**Attorney ID#: 5935**

/s/ Emily C. Paavola
900 Elmwood Avenue, Suite 200
Columbia, SC 29201
Telephone: (803) 765-1044
**Attorney ID#: 11488**
Email: Emily@justice360sc.org

COUNSEL FOR JAMES ROBERT PETERSON